UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRITTANY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00070-JAW |
| | ) | |
| ADECCO USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO REMAND**

Brittany Thomas is prescribed marijuana for medicinal purposes. When her employer refused to rehire her because she tested positive for marijuana, Ms. Thomas filed a complaint in state court alleging that her employer's refusal to rehire her violated Maine law. Her employer removed the case to this Court on the basis of both diversity and federal question jurisdiction and Ms. Thomas moved to remand the case to state court. The Court concludes that under the "either viewpoint rule," the value of the matter in controversy exceeds $75,000, making jurisdiction proper pursuant to 28 U.S.C. § 1332(a)(1).

**I.   STATEMENT OF FACTS**

  **A.   Procedural History**

On February 19, 2013, Brittany Thomas filed a complaint in the state of Maine Superior Court for Somerset County against Adecco USA, Inc., also known as Adecco Group North America (Adecco), alleging that Adecco's refusal to rehire her violated 22 M.R.S. § 2423-E(2). *State Court Record* Attach. 1, *Docket Record*, 1

(ECF No. 4-1); *id.* Attach. 2, *Compl.* (ECF No. 4-2). On March 7, 2013, Adecco filed a Notice of Removal to this Court, alleging both diversity and federal question jurisdiction, and Adecco answered the Complaint. *Notice of Removal* (ECF No. 1); *Answer to Compl.* (ECF No. 5) (*Answer*).

On April 4, 2013, Ms. Thomas moved to remand the matter to state court. *Mot. to Remand* (ECF No. 11) (*Pl.'s Mot.*). On April 22, 2013, Adecco responded. *Def.'s Opp'n to Pl.'s Mot. to Remand* (ECF No. 16) (*Def.'s Opp'n*). Ms. Thomas replied on May 6, 2013. *Reply in Support of Mot. to Remand* (ECF No. 19) (*Pl.'s Reply*). Meanwhile, on April 11, 2013, Adecco moved to dismiss the Complaint for failure to state a claim. *Def.'s Mot. to Dismiss the Compl.* (ECF No. 12). On April 25, 2013, at Ms. Thomas' request, the Court stayed briefing on Adecco's motion to dismiss pending resolution of Ms. Thomas' motion to remand. *Order* (ECF No. 18); *Mot. to Stay Briefing on Mot. to Dismiss Pending Resolution of Mot. to Remand and Req. for Expedited Hr'g on Mot. to Stay* (ECF No. 15).

B. **Factual Background**

In her Complaint, Ms. Thomas alleges that she was born with scoliosis, a condition that causes her severe pain, and that after trying more traditional medical treatment, including prescriptive narcotic medication, she resorted to prescribed marijuana. *Compl.* ¶¶ 1-3. She says that marijuana has controlled her pain without side effects. *Id.* at ¶ 3.

Ms. Thomas worked at United Technology Center in Maine in 2011 and 2012, but in 2012, Adecco, her employer, laid her off for lack of work. *Id.* at ¶ 4. Adecco

called her back to work, but she was unable to return immediately because she was about to deliver a child. *Id*. After the baby was born, Ms. Thomas called Adecco to arrange to return to work. *Id*. Adecco required her to undergo drug screening before returning to work, and she informed Adecco that she would likely fail the test because she was using medical marijuana. *Id*. at ¶ 5. As predicted, she failed the drug test, and Adecco refused to rehire her. *Id*.

In her Complaint, Ms. Thomas claims that Adecco's refusal to rehire her violated 22 M.R.S. § 2423-E(2). *Id*. at ¶ 19. Her Complaint does not contain a specific monetary demand; she demands that the Court "order compensatory and punitive damages against Defendant Adecco, including but not limited to back wages and compensation for emotional and mental distress; award equitable relief in the form of reinstatement, or in the alternative award additional compensatory damages including front pay; award attorney's fees; and grant any other relief this Court deems just and equitable." *Id*. at 5.

## II.  DISCUSSION

### A.  Position of the Parties

#### 1.  The Notice of Removal

Adecco argues that federal jurisdiction is proper on diversity and federal question grounds. *Notice of Removal* at 2-4. Regarding diversity jurisdiction under 28 U.S.C. § 1332, Adecco notes that Ms. Thomas is a resident of the town of Pittsfield, Maine, and that Adecco is a corporation organized under the laws of the state of Delaware with a principal place of business in the town of Melville, New

York. *Id.* at 2 (citing *Compl.* ¶¶ 9-10). Quoting Ms. Thomas' demand for damages, Adecco asserts that the total amount in controversy exceeds $75,000. *Id.* at 2-3. Adecco says that "[b]ased upon Plaintiff's wages and rate of pay, the time period to which such rate of pay would be applied, the request for equitable reinstatement, the request for attorney's fees, and the request for punitive damages, there is a legal certainty that the amount in controversy exceeds $75,000." *Id.* at 3.

Adecco also asserts that Ms. Thomas' Complaint presents a federal question under 28 U.S.C. § 1331. *Id.* It notes that 22 M.R.S. § 2423-E(2) expressly provides that an employer may not refuse to enroll an employee "unless failing to do so would put the . . . employer . . . in violation of federal law." *Id.* at 3. Adecco contends that Ms. Thomas bears a burden to establish the absence of a risk of a violation of federal law in order to prove her case of discrimination and therefore, it contends that her lawsuit presents a federal question. *Id.* at 4. Adecco further maintains that the Maine statute is preempted by the federal Controlled Substances Act and the Americans with Disabilities Act. *Id.*

### 2. Ms. Thomas' Motion to Remand

Ms. Thomas moves to remand the lawsuit to state court on the ground that Adecco's removal was "based on one flawed factual argument and two flawed legal arguments." *Pl.'s Mot.* at 1. She says that the "the harm to Thomas was less than $75,000," that Adecco misstates the elements of her employment discrimination claim, and that its preemption claim does not confer "arising out of" jurisdiction. *Id.*

4

Asserting that the Court lacks subject matter jurisdiction, Ms. Thomas argues that the Court should remand the case to state court. *Id.*

Regarding the $75,000 jurisdictional threshold, Ms. Thomas refers to her affidavit, in which she says that she anticipated earning $8.80 per hour and intended her work for Adecco to last for not more than four years. *Id.* at 4 (citing *Pl.'s Mot.* Attach. 1, *Aff. of Brittany Thomas* (ECF No. 11-1) (*Thomas Aff.*)). Ms. Thomas contends that it would take over four years for her to have crossed the threshold of $75,000 and she further stipulates that "her damages will not exceed $70,000.00." *Id.*; *Thomas Aff.* ¶ 6. She also contends that attorney's fees should not count against the jurisdictional threshold because attorney's fees are neither provided by contract nor authorized by statute. *Pl.'s Mot.* at 4.

Turning to whether this case arises under federal law, Ms. Thomas asserts that her cause of action was created by state not federal law, and that her right to relief does not necessarily depend on the resolution of a substantial question of federal law. *Id.* at 6. Ms. Thomas rejects the contention that she must prove that the employer would not have violated federal law by rehiring her; instead, she says that this exemption from state law is an affirmative defense, so insufficient for federal question jurisdiction. *Id.* at 6-7. She maintains that even if it is her burden to prove that her rehiring would not have violated federal law, the "federal issues are not central to the case" and do not satisfy *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). *Pl.'s Mot.* at 7-8. Finally, she claims that Adecco's federal preemption contention is "merely a defense

5

to a state law claim, and it therefore does not provide a basis for removal to federal court, regardless of its merit as a potential or actual bar to liability." *Id.* at 9-10.

### 3. Adecco's Response

Adecco first disputes Ms. Thomas' assertion that her claim does not top the jurisdictional limit of $75,000. *Def.'s Opp'n* at 2-7. Adecco observes that the critical point for determining the jurisdictional limit is the time the action was removed, and urges the Court to ignore Ms. Thomas' efforts to limit her damages after removal. *Id.* at 3, 6-7. Adecco also contends that in evaluating the jurisdictional amount, the Court should use the "either viewpoint rule" and make an assessment of both the value of relief to the plaintiff and the cost to the defendant. *Id.* at 3-4 (citing *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006)). Adecco rejects Ms. Thomas' calculation of her own damage claim, calculating the total amount of back and front pay as $78,892.81 including Adecco's payroll tax costs. *Id.* at 5 n.3. When Ms. Thomas' demands for compensation for emotional distress and punitive damages are added, Adecco contends that the total amount of likely damages exceeds the jurisdictional minimum. *Id.* at 5-6. Adecco points to the absence of any damage cap in the Complaint as evidence that her claims in fact exceed the minimum. *Id.* at 6.

Adecco also contends that Ms. Thomas' claim arises under federal law. *Id.* at 7-10. Adecco concedes that Ms. Thomas' claim does not create a federal cause of action in her Complaint. *Id.* at 7. It argues that the success of her claim "depends

upon the resolution of a substantial question of federal law, namely, whether failing to employ Plaintiff would be in violation of federal law." *Id.* at 7-8.

### 4. Ms. Thomas' Reply

In her reply, Ms. Thomas maintains that the amount in controversy does not exceed $70,000. *Pl.'s Reply* at 1-4. She disputes Adecco's inference that her excision of a specific dollar amount from an earlier draft of her Complaint indicates an amount in controversy greater than $70,000, noting that the earlier draft was never filed, and that Maine law prohibits the inclusion of a specific dollar amount in a civil complaint. *Id.* at 1-2. She rejects Adecco's contention that the amount in controversy can be measured by the cost of relief to Adecco, saying that the proper measure is the value of relief to Ms. Thomas. *Id.* at 2. She distinguishes a case Adecco claims is analogous. *Id.* at 2-3 (discussing *Rooney v. Sprague Energy Corp.*, 554 F. Supp. 2d 39 (D. Me. 2008)). She maintains that attorney's fees should not be counted and notes that even if the Court were to adopt the "either viewpoint rule," Adecco would actually profit if ordered to arrange employment for Ms. Thomas. *Id.* at 3-4.

Ms. Thomas maintains that federal question jurisdiction does not exist. *Id.* at 4-7. She says that the federal issue pressed by Adecco is not "necessarily raised" by her Complaint. *Id.* at 5. She argues that it is not "actually disputed" that the issue has no substantial impact on the federal system, and that resolution in federal court would disrupt the federal-state balance. *Id.* at 5-7.

### B. Analysis

#### 1. Diversity Jurisdiction

Because the parties are admittedly citizens of different States, the Court's diversity jurisdiction turns on whether "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The party invoking federal jurisdiction—here, Adecco—bears the burden of establishing jurisdiction. *Milford-Bennington R.R. Co. v. Pan Am Rys., Inc.*, 695 F.3d 175, 178 (1st Cir. 2012); *Satterfield v. F.W. Webb., Inc.*, 334 F. Supp. 2d 1, 2 (D. Me. 2004). The First Circuit has not decided how heavy that burden is, but has held in a similar context that the removing party "must show a 'reasonable probability' that the jurisdictional threshold is satisfied." *Milford-Bennington R.R.*, 695 F.3d at 178-79. District courts in the First Circuit have required removing defendants to establish the amount in controversy by a preponderance of the evidence. *Doughty v. Hyster New Eng., Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004). The First Circuit has instructed that "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount" and the "burden of supplying specific factual allegations to support the amount in controversy requirement." *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42 (1st Cir. 2012) (quoting *Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n*, 942 F.2d 84, 90 (1st Cir. 1991)). The amount in controversy is determined "on the basis of the facts and circumstances as of the time that an action . . . arrives [in federal court] from a

8

state court by way of removal." 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702.4, at 457-61 (4th ed. 2011); *see also Vradenburgh v. Wal-Mart Stores, Inc.*, 397 F. Supp. 2d 76, 77-78 (D. Me. 2005) ("[T]he relevant inquiry is whether the amount in controversy was greater than $ 75,000 on the day the action was removed").

### 2. Value of the Claim From the Plaintiff's Viewpoint

Ms. Thomas maintains that "the proper measure for determining the amount in controversy is the value of the claim to the plaintiff." *Pl.'s Reply* at 2. The value of the claim to the plaintiff is unquestionably a proper measure. *Glenwood Light & Water Co. v. Mut. Light, Heat & Power Co.*, 239 U.S. 121, 125 (1915) ("[T]he jurisdictional amount is to be tested by the value of the object to be gained by complainant"). Whether it is the exclusive measure is less clear. Moreover, arguing that she is the master of her own damages claim, Ms. Thomas maintains she has the right to self-impose a limitation on damages, leave some money on the table, and retreat to the state forum of her own choosing. *Raymond v. Lane*, 527 F. Supp. 2d 156, 158 (D. Me. 2007) ("[A] plaintiff is permitted to prevent a defendant from removing to federal court by 'resort[ing] to the expedient of suing for less than the jurisdictional amount . . . though he would be justly entitled to more'") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)).

Ms. Thomas seeks "compensatory and punitive damages against Defendant Adecco, including but not limited to back wages and compensation for emotional and mental distress" and either "equitable relief in the form of reinstatement, or in

9

the alternative . . . additional compensatory damages including front pay." *Compl.* at 5. She states in an affidavit that she anticipated an hourly rate of $8.80 and a tenure of no more than four years, and that she is "seeking $70,000 or less in damages in this case." *Thomas Aff.* ¶¶ 4-6. She has not explained how she arrived at the $70,000 amount nor has she subdivided it into wage-based and emotional-based figures. *See id.*

Based on Ms. Thomas' representations regarding pay rate and tenure, Adecco calculates her claim for back pay as $16,262.40 and her claim for front pay as $57,024, for a total of $73,286.40 in wage-based compensatory damages. *Def.'s Opp'n* at 5. Ms. Thomas did not dispute Adecco's calculations in her reply, but maintained that she "will be fairly compensated by an award of $70,000." *Def.'s Reply* at 3. Adecco's undisputed calculation of Ms. Thomas' wage-based damages bumps her claim right up against the $75,000 jurisdictional threshold. Significantly, Ms. Thomas has not forsworn either emotionally-based compensatory damages or punitive damages; an extremely modest award of only $1,713.61 in either additional damage category would cross the jurisdictional threshold.

With Ms. Thomas' own calculations hovering near $75,000, Ms. Thomas' affidavit is revealing. In her sworn damages declaration, Ms. Thomas states only that she is "seeking $70,000 or less in damages in this case." *Thomas Aff.* ¶ 6. Intentionally or not, her statement leaves open what she is really seeking for total damages in this lawsuit, and, more to the point, what she would accept. The practice in the First Circuit, which differs from the practice in Maine state courts,

forbids a plaintiff's lawyer from requesting a specific dollar amount for pain and suffering damages. *See Bartlett v. Mut. Pharm. Co.*, 678 F.3d 30, 42 n.7 (1st Cir. 2012) (counsel's demand of a specific figure for pain and suffering damages "was error under First Circuit precedent") (citing *Davis v. Browning-Ferris Indus.*, 898 F.2d 836, 837-38 (1st Cir. 1990)). Thus, by saying she would not seek more than her special damages, Ms. Thomas is conceding only that she will not make a demand for a specific dollar amount that First Circuit law prohibits her from making in the first place.[1]

Ms. Thomas' careful affidavit contrasts with the stipulation in *Raymond v. Lane*, 527 F. Supp. 2d 156 (D. Me. 2007) where the Court granted a motion to remand after the plaintiff not only said that she was "not seeking total damages in excess of $72,218.00", but also agreed to "stipulate that $72,218.00 (plus interest and costs) is the maximum award of damages which may be awarded to her in this case." *Id.* at 157; *see Satterfield v. F.W. Webb, Inc.*, 334 F. Supp. 2d 1, 1 (D. Me. 2004) ("Plaintiff has maintained throughout this case that her claim is worth less than $75,000 and *has entered into binding stipulations to this effect*") (emphasis supplied). Here, Ms. Thomas has not said that she will stipulate to a total damage figure under $75,000. In view of the comparatively paltry sum in emotional and punitive damages that would crack the jurisdictional threshold, the Court concludes

---

[1] Although there is no direct authority in the First Circuit, the Court assumes that this rule applies to demands for punitive as well as compensatory damages. In explaining its ruling in *Davis*, the First Circuit observed that the ad damnum in a complaint is "blatantly, an opinion of counsel" and a "mere psychological expression of hope." *Davis*, 898 F.2d at 837-38. A jury demand by counsel of a specific amount for punitive damages would seem equally objectionable for the same reason.

11

that when emotional and punitive damages are taken into account, it is more likely than not that Ms. Thomas' claim exceeds $75,000.

Even when measured from Ms. Thomas' viewpoint, the Court concludes that Adecco has demonstrated that her total damages claim, including special damages, compensatory and punitive damages, likely exceeds $75,000 and is sufficient to confer diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

### 3. Value of the Claim From the Defendant's Viewpoint

Adecco's case for federal court jurisdiction is stronger when the Court considers the value of Ms. Thomas' claim not only from her own viewpoint but also from Adecco's as well. Adecco argues that the Court "also can consider the cost to Defendant in providing Plaintiff's requested relief"—in particular, payroll taxes due on any wages paid to Ms. Thomas—under the "either viewpoint rule." *Def.'s Opp'n* at 3. Adecco says that if forced to pay $70,000 in wages, including payroll taxes of 7.65 percent, the potential cost of relief increases to $75,355,[2] just above the jurisdictional threshold.[3] *Def.'s Opp'n* at 5 n.3.

---

[2] The math is simple: $70,000 x 7.65% = $5,355. $70,000 + $5,355 = $75,355.

[3] Ms. Thomas disputes that reinstatement or front pay should be considered a burden to Adecco, arguing that "finding people employment is how Adecco makes money." *Pl.'s Reply* at 3-4. At least in the case of reinstatement, there is some validity to the argument that the value of the employee's work should be subtracted from the wages paid to calculate the net cost (or profit) to the employer. Nevertheless, this point does not affect the Court's analysis. First, Ms. Thomas has also asked for compensatory damages as an alternative to reinstatement, and compensatory damages would entail no offsetting gain for the employer. Second, the situation here is more complicated than the ordinary employee-employer relationship, since Adecco is an intermediary, and Ms. Thomas has presented no evidence of the economics of Adecco's business model, nor has she suggested any specific offset amount. Third, this type of inquiry is inherently speculative and would lead down a slippery slope, as similar arguments could be made for further economic refinements, such as accounting for the possibility that the employee would not remain with the employer for reasons unrelated to the case, the possibility that the employer could go bankrupt, and so forth.

Long ago the Supreme Court wrote that "the jurisdictional amount is to be tested by the value of the object to be gained by complainant." *Glenwood*, 239 U.S. at 125 (1915); *see also Melnick v. Microsoft Corp.*, No. 99-377-P-H, 2000 U.S. Dist. LEXIS 8007, *2 (D. Me. Mar. 8, 2000) (quoting *Glenwood*). A leading treatise points out, however, that "[a]lthough the Court's language supports the plaintiff-viewpoint rule, the holding . . . is only that jurisdiction is present if the value to the plaintiff exceeds the jurisdictional amount." 14AA WRIGHT, MILLER & COOPER § 3703, at 551. The same treatise notes that *Glenwood* "does not exclude the possibility that federal jurisdiction also will be present if the value or the cost to the defendant is greater than the statutory requirement, even when the benefit to the plaintiff is a lesser sum." *Id.* § 3703, at 551-52. Some lower federal courts have nonetheless held that the plaintiff-viewpoint rule is exclusive, while "[a] growing and now quite substantial number of lower federal court cases" have applied the "either viewpoint rule." *Id.* § 3703, at 552-62.

Adecco acknowledges that the First Circuit has neither adopted nor rejected the "either viewpoint rule." *Id.* at 4 n.1. In two 1976 cases, the First Circuit looked to the defendant's "pecuniary burden" as an appropriate measure of the matter in controversy. *Massachusetts v. U.S. Veterans Admin.*, 541 F.2d 119, 122 n.3 (1st Cir. 1976) ("Since the pecuniary burden on the [defendant] would probably be in excess of $10,000 [then the jurisdictional amount] should the [plaintiff] prevail, we think that the jurisdictional amount requirement is satisfied"); *Williams v. Kleppe*, 539 F.2d 803, 804 n.1 (1st Cir. 1976) ("we can rely on the extent of the claimed

13

pecuniary burden on defendants were plaintiffs to prevail"). *But see Melnick*, 2000 U.S. Dist. LEXIS 8007 at *3 n.1 (distinguishing these cases and noting that the viewpoint question is still open in the First Circuit). More recently the First Circuit wrote that "the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004). Despite this broad language, the *Leventhal* Court looked only to additional costs that the plaintiff in the case would have avoided by a favorable judgment. *Id.* ("Here, the object of the litigation was to avoid the additional costs [the plaintiff] would incur if the arbitration were held in California instead of Boston"). The viewpoint question remains open in the First Circuit.

The Court concludes that the two 1976 First Circuit cases and the broad language in *Leventhal* are persuasive authority for applying the "either viewpoint rule" in the First Circuit. Because the matter in controversy is worth over $75,000 to Adecco, the Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1).

### C. Federal Question Jurisdiction

Adecco contends that this Court has jurisdiction under 28 U.S.C. § 1331, which grants the district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." As the Court has

determined that it has diversity jurisdiction, it does not reach whether, absent diversity jurisdiction, it would have federal question jurisdiction.

## III. CONCLUSION

The Court DENIES Brittany Thomas' Motion to Remand (ECF No. 11).[4]

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2013

---

[4] The Court will schedule a telephonic conference of counsel to discuss the status of the stay and Adecco's earlier expressed intention to file a motion to dismiss.